The jury found a verdict of guilty, and the defendant was sentenced to the penitentiary.

## Case No. 16,541.

### UNITED STATES v. TROBE et al.

[2 Int. Rev. Rec. 133; 3 Pittsb. Rep. 6; 13 Pittsb. Leg. J. 88.]

District Court, W. D. Pennsylvania.   1865.

INTERNAL REVENUE — LICENSE TO REFINE OIL — CRIMINAL PROSECUTION—INDICTMENT.

1. The internal revenue law [13 Stat. 223] authorizes both a criminal prosecution, and an action qui tam, for failure to take out a license to refine coal oil—and the institution of one is no bar to the other.

2. It does not vitiate an indictment to charge the offence to have been committed on a day certain, "and on divers other days" between that day and the finding of the bill by the grand jury.

The defendants [Henry Trobe and John F. Smith, indicted with F. W. Goodis and Thomas Moritz] were tried, at the late term of the United States district court, for carrying on the business of distilling coal oil without taking out the license required by the revenue law, and convicted. On motion for a new trial, and in arrest of judgment.

Mr. Ferguson, for the motion.

Mr. Carnahan, U. S. Atty., contra.

McCANDLESS, District Judge.   First — The act of congress in question was passed to enable the government to meet the exigencies of the public service. It is stringent in its terms, and was designed to prevent any possible escape from the obligation every citizen is under to contribute to the payment of the national debt. It is the duty of the courts to expound it liberally, and not to. fritter away its provisions upon mere technicalities. In a certain contingency, the offending property itself is seized and confiscated to the use of the government. and for failure to take out a license, the delinquent is subject, in the discretion of the court, to severe pen-

alties. The 73d section, upon which this indictment is framed, provides for "imprisonment," which is the result of a criminal prosecution, and also for an action qui tam, dividing the pecuniary penalty equally between the informer and the government. Suit brought for this is no bar to an indictment, for the section expressly provides that the United States may proceed for either, "or both." At common law, a party may have several remedies, but he can have but one satisfaction; and when a penalty is imposed by statute, the court will take care that it shall be inflicted but once, although the defaulting party is liable to costs in all the proceedings justified by the act, because the government may seek "satisfaction" by means of "both" or all the remedies. The first reason assigned is, therefore, not tenable.

Second—It is no ground to arrest the judgment that the offence is charged to have been committed on "divers other days" between that day and the finding of the bill. It is not charging divers acts, each constituting a different and distinct offence, but the same offence committed on a day certain, and on a day between ascertained dates. A sentence upon this verdict would conclude any further indictment for the offence, laid on any day between the first of May and the return of the bill by the grand jury. I do not think it necessary to reject the additional days as surplusage, for as Chief Justice Gibson says in 5 Serg. & R. 316: "The prosecutor may give evidence of all offence committed on any other day, previous to the finding of the indictment; and on the plea of autrefois acquit, the defendant is usually under the necessity of proving the identity of the offence charged in each indictment by evidence dehors the record." With him, and in his language, "I am disposed to get over an objection of this sort whenever I can." We must deny this motion, but as it appears upon the trial, and is admitted by the district-attorney, that these two defendants, having entrusted the duty of taking out the license to their financial and business partner, are innocent of any wilful disregard of the law, we shall sentence them only to the payment of costs, reserving to the government their option to proceed for the penalty in the civil action already instituted. The motion is overruled.